IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL JOHNSON, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| KERESTES, et al., | : | NO. 13-3574 |
|     Respondents. | : | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                            February 27, 2014

      Before the Court for Report and Recommendation is the *pro se* petition of Samuel Johnson for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Johnson is currently incarcerated in the State Correctional Institute – Mahanoy in Frackville, Pennsylvania, serving a life sentence following a 1971 first-degree murder conviction in the Philadelphia Court of Common Pleas. In light of the fact that we find his petition to raise a claim that is unexhausted, we recommend that it be dismissed.

### I.     PROCEDURAL BACKGROUND[1]

---

[1] Our recitation of the procedural history relies upon the information provided by Johnson in his form Petition for Writ of Habeas Corpus ("Pet.") dated June 19, 2013 and accompanying Memorandum of Law ("Pet'r Br."), dated June 13, 2013 (collectively, Doc. 1); the Response to the petition provided by the District Attorney (Doc. 5), filed October 9, 2013 (the "Resp."), with appended exhibits ("Resp. Ex."); and the published opinions of the Pennsylvania Supreme Court as to Johnson's conviction and post-conviction appeals. We have also consulted the Common Pleas Court docket sheet for *Commonwealth of Pennsylvania v. Samuel Johnson*, No. CP-51-CR-0102951-1971, made publicly available through the Pennsylvania Unified Judicial System Web Portal, http://ujsportal.pacourts.us, a copy of which is also appended to the Response as Exhibit B; and Pennsylvania Department of Corrections information concerning Petitioner, Inmate AF-1214, available online through its Inmate Locator service at http://
*(continued…)*

1

Johnson was convicted on May 13, 1971 of first-degree murder, burglary, aggravated robbery, and conspiracy to commit these crimes. (Pet. at 4; Resp. at 1.) His convictions arose from an incident that occurred on September 12 or 13, 1970. (Resp. at 1; St. Ct. Dkt. [Resp. Ex. B] at 2; Commonwealth Ltr. Br. to Pa. Super. Ct. at 1, No. 173 Phila. 1991 (June 12, 1991) [Resp. Ex. A].) *See also Commonwealth v. Johnson*, 344 A.2d 485, 486-87 (Pa. 1975) (Manderino, J., dissenting) ("The prosecution's theory of guilt was one of felony-murder: that appellant was guilty of first degree murder because he participated with his cousin in the rape and robbery of the victim and because his cousin committed the homicide in furtherance of those felonies."). The prosecution apparently sought a capital sentence, which Johnson avoided. *See Commonwealth v. Johnson,* 305 A.2d 5, 8 (Pa. 1973) (referring to psychiatric evidence introduced "in the mitigation of the penalty" and observing that "the jury saw fit to return the verdict most favorable to the defense in this regard, life imprisonment"). In light of the first-degree murder conviction, however, Johnson received the otherwise mandatory sentence of life in prison without the possibility of parole, in addition to sentences of 10-20 years each for burglary and aggravated robbery, to run concurrent to the life sentence. His conviction was affirmed on direct appeal by the Pennsylvania Supreme Court on May 23, 1973. *Commonwealth v. Johnson*, 305 A.2d 5 (Pa. 1973). Johnson did not seek certiorari in the United States Supreme Court. (Pet. at 6.)

Shortly thereafter, on August 29, 1973, Johnson sought relief under Pennsylvania's Post Conviction Hearing Act ("PCHA") on claims of ineffective assistance of trial counsel. The PCHA Court denied relief, and the Pennsylvania Supreme Court affirmed on October 3, 1975.

---

inmatelocator.cor.state.pa.us/inmatelocatorweb/Criteria.aspx.

*Commonwealth v. Johnson*, 344 A.2d 485 (Pa. 1975). Some ten years later, he again sought relief, filing another *pro se* PCHA petition raising an ineffectiveness claim. The court again denied relief, and the Superior Court affirmed. *Commonwealth v. Johnson*, No. 173 Phila. 1991, 599 A.2d 701 (Pa. Super. Ct. July 26, 1991) (Table) [Resp. Ex. A].

The record before us does not indicate any other challenges to Johnson's conviction or sentence until approximately August 15, 2012, when he filed a petition for relief under Pennsylvania's Post Conviction Relief Act ("PCRA"). (Pet. at 6; St. Ct. Dkt. at 3.) That petition sought relief from his sentence of life imprisonment without the possibility of parole based upon *Miller v. Alabama*, 567 U.S. --- (June 25, 2012). (Pet'r Br. in Supp. of PCRA, appended to Doc. 1.) The Common Pleas docket reflects that the case went into "PCRA – Initial Review Status" on November 27, 2012. (St. Ct. Dkt. at at 4.) It remains pending there. (Pet. at 10; St. Ct. Dkt. at 4.)

Johnson submitted a *pro se* Petition for a Writ of Habeas Corpus in this Court on June 19, 2013, seeking habeas relief on the single ground that "Petitioner's rights were violated when he received a mandatory life without parole sentence." (Pet. at 8, ¶ 12, Ground One.) In support of his claim he contends that "Petitioner was 18 years old when crime was com[m]itted and he falls under the juvenile status according to *Miller v. Alabama*." (*Id.*) In a memorandum of law appended to his petition, he argued:

> On June 25, 2012, the United States Supreme Court decided *Miller v. Alabama* and *Jackson v. Hobbs*, holding that **it violates the Eight[h] Amendment to the United States Constitution to sentence a juvenile** to a mandatory life term. Petitioner was just over the age of a juvenile at the time of the commission of his crime and the **social science** that the Supreme Court relied on to decide *Miller/Hobbs*[] places Petitioner in the category of a juvenile; being though Petitioner's brain couldn't have matured that much in the days after his 18th birthday compared to that of

3

someone who was days younger than he was.

(Pet'r Br. at 2 (emphasis in original).)  He also requested a stay of proceedings pending the outcome of his PCRA petition.  (*Id.* at 4.)  At our direction, the District Attorney filed a response to the petition.  Operating under the misapprehension that "Petitioner state[d] that he was under 18 at the time of the crime," (Resp. at 1),[2] Respondents took the position that they would "not oppose" a stay of the federal petition pending completion of his state proceedings on his unexhausted *Miller* claim.  (Resp. at 2, 5-6.)  Johnson did not file any reply to the response.

## II.   DISCUSSION

The nature of Johnson's petition gives rise to several possible avenues for disposition.  His petition is subject to dismissal on procedural grounds, both for failure to exhaust state court remedies and given his failure to bring his petition in a timely manner.[3]  Alternatively, his petition could be denied on the merits.

---

[2] To the extent that Respondents sought verification of their perception that Johnson claimed to have been under the age of 18 at the time of the offense, we note that the state court docket lists his date of birth as March 19, **1954**.  *See* Resp. Ex. B at 1.  With that date of birth, he would have been 16 years and 5 months old at the time of the offense on September 12, 1970.  Department of Corrections data, however, lists his date of birth as March 19, **1952**, which would have made him 18 years and 5 months old at the time of the offense.  The 1952 date appears to be correct.  *See, e.g.,* Ltr. from Samuel Johnson dated Aug. 14, 2012, appended to PCRA Brief [Doc. 1] (referring to his ability in 2012 to work "at 60 years old"); Pet'r Br. at 1 (referring to his having been "days over his 18th birthday" at time of offense); *id.* at 4 (referring to fact that "the petition establishes that Petitioner was 18 years old and sentenced to a mandatory life without parole sentence").

[3] While 28 U.S.C. § 2244(d)(1)(C) provides for a later limitations period start date for petitions invoking newly-recognized rights, the "right" implicated by Johnson's petition --- that the Eighth Amendment protects someone who was a few months past his 18th birthday at the time he commits the offense giving rise to the murder conviction from a mandatory sentence of life without the possibility of parole --- is not one that has been recognized by the United States Supreme Court.

4

In light of the fact that Respondents' response did not give Petitioner notice of the untimeliness of his petition, we focus our discussion below on the exhaustion deficiency, which *was* a defect identified by Respondents, even as they acceded to the requested stay. *See* Resp. at 2, 4. In explaining why a stay is not appropriate in this case, however, we necessarily touch upon some of the issues pertinent to the merits of Johnson's claim for relief.

### A.     Johnson's claim is not exhausted

As noted by Respondents in their Response, Johnson's petition is subject to dismissal for failure to exhaust available state remedies. With limited exceptions, petitioners may not obtain habeas relief in federal court without first exhausting the remedies available in the state courts as to that ground for relief. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement obligates Johnson to pursue his claim through one complete round of the established appellate review process, which in Pennsylvania means that he must bring the claim to the Pennsylvania Superior Court. It is uncontested that his 2012 PCRA petition raised a *Miller* claim that is still pending and not yet decided by the Philadelphia PCRA Court. Thus, Johnson has not satisfied the exhaustion requirement as to his *Miller* claim.

### B.     Johnson's petition should not be stayed

In his legal memorandum, Johnson requests "that the Court hold these proceedings in abeyance pending the outcome of his state court litigation in accord with this circuit's precedent." (Pet'r Br. at 4 (citing *Merrit v. Blaine*, 326 F.3d 157 (3d Cir. 2003), and *Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004).) As is demonstrated by the authorities cited by Respondents, *see* Resp. at 5, federal courts have routinely stayed habeas proceedings pending the disposition of state PCRA petitions raising *Miller* claims in this posture. A stay of habeas proceedings is not warranted, however, where the petition does not satisfy the criteria of *Rhines v. Weber*, 544 U.S.

269 (2005).  As the Court in *Rhines* determined, a stay-and-abey approach should not be taken if the petitioner's unexhausted claim is "plainly meritless."  *Id.* at 277.  *See also id.* at 278 (alternatively explaining that a stay may be appropriate if, *inter alia,* the unexhausted claim is "potentially meritorious").  Johnson's unexhausted *Miller* claim does not meet that criterion.

Johnson seeks to extend the notion of the Eighth Amendment violation recognized in *Miller* to 18-year-olds.  *See, e.g.,* Pet'r Br. in Supp. of PCRA [Doc. 1] at 1 ("[T]here should be a grace period from the time a child is 17 years and 364 days old, until the age of at least 19, for the purpose of receiving a life sentence without the possibility of parole sentence in Pennsylvania"); *id.*, *passim* (citing various authorities for the proposition that those aged 19 and under have historically been considered children and that "the qualities that distinguish juveniles from adults do not disappear when an individual turns 18").  The Supreme Court has not held, however, that states subject a young adult convicted of first-degree murder to cruel and unusual punishment when they provide for a mandatory sentence of life in prison without the possibility of parole.  Rather, the Court was clear in *Miller* that it was assessing the lawfulness of such mandatory sentences in the case of persons under the age of 18 only.

Johnson points to no authorities that suggest that the United States Constitution requires that adults and juveniles be sentenced according to the same scheme.  *Miller* certainly did not recognize any Eighth Amendment violation for imposition of this sentence pursuant to a mandatory sentencing scheme as to *adults* but rather as to *juveniles*, and juveniles *only*.  That decision grew in part out of precedents that highlighted the unique posture of juveniles in the Eighth Amendment proportionality analysis.  *See Miller*, 132 S. Ct. at 2464 (describing *Roper* and *Graham* as establishing that "children are constitutionally different from adults for purposes of sentencing.  Because juveniles have diminished culpability and greater prospects for reform

… 'they are less deserving of the most severe punishments,'" quoting *Graham*, 130 S. Ct. at 2026); *id.* at 2463-64 (describing precedents prohibiting mandatory imposition of death penalty without requiring sentencing authority to consider defendant's individual characteristics); *id.* at 2464 (describing its holding as following from "the confluence of these two lines of precedent"). *See also Roper v. Simmons*, 543 U.S. 551 (2005) (holding that Eighth Amendment bars capital punishment for juveniles); *Graham v. Florida*, 130 S. Ct. 2011 (2010) (holding that Eighth Amendment bars sentencing juvenile to life without the possibility of parole for non-homicide offense). As Johnson was not a juvenile at the time he conspired with his cousin to commit the burglary and robbery during which his cousin also killed the victim in September 1970, the mandatory sentence imposed upon him of life without the possibility of parole is not implicated by the Supreme Court's *Miller* decision.[4]

---

[4] We observe that the courts in this district have not been receptive to attempts to characterize the rule of *Miller* as applying to non-juveniles. *See, e.g., Pritchard v. Wetzel*, Civ. A. No. 13-5406, 2014 WL 199907 (E.D. Pa. Jan. 16, 2014) (Stengel, J., approving Rep. & Recomm. of Strawbridge, M.J.) (dismissing petition with prejudice where petitioner was 26 years old at time of murder and sought to extend rule of *Miller* to adults); *Weaver v. Kerestes*, Civ. A. No. 13-3947, 2013 WL 6506318 (E.D. Pa. Dec. 12, 2013) (DuBois, J., approving Rep. & Recomm. of Wells, Ch. M.J.) (observing that "petitioner was an adult at the time of the crime at issue and cannot claim entitlement to relief under *Miller v. Alabama* which prohibited the issuance of mandatory life-without-parole sentences for juvenile offenders"); *Jones v. Walsh*, Civ. A. No. 13-1316, 2013 WL 6159286, *4 (E.D. Pa. Nov. 25, 2013) (Savage, J., approving Rep. & Recomm. of Perkin, M.J.) ("The holding of *Miller* is not applicable to Petitioner because that holding is limited to juvenile offenders who were under age 18 at the time their crime was committed. Petitioner was 27 years old," and noting that claim "is not actually based on the law as set forth in *Miller,* but rather upon an argument that the law should be extended" to others); *Ocampo v. Fisher*, Civ. A. No. 13-3569, 2013 WL 5658387, *3 (E.D. Pa. Oct. 17, 2013) (Yohn, J., approving and adopting Rep. & Recomm. of Rice, M.J.) (denying request for stay because unexhausted *Miller* claim of petitioner who was already 18 years old at the time he committed the crimes is "plainly meritless"); *Mobley v. Coleman*, Civ. A. No. 09-1558, 2013 WL 3943141, *5 (E.D. Pa. July 31, 2013) (Tucker, Ch. J., approving Rep. & Recomm. of Hey, M.J.) (denying stay for lack of "any indicia of potential merit as required by *Rhines*" where petitioner's claim was "not based upon the law as set forth in *Miller,* which applies to juveniles, but rather upon an
*(continued…)*

We find the *Miller* claim raised by Johnson to be a plainly meritless one that cannot justify a stay of proceedings under *Rhines*. Therefore, his petition containing a single unexhausted claim must be dismissed.[5]

### C. Certificate of Appealability

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district court judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. A COA should not issue unless the petitioner demonstrates that jurists of reason would find it to be debatable whether the petition states a valid claim for the denial of a constitutional right. As to claims that are dismissed on procedural grounds, the petitioner bears the additional burden of showing that jurists of reason would also debate the correctness of the procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, for the reasons set forth above, we do not believe that reasonable jurists would debate our conclusions that Johnson failed to satisfy the exhaustion requirement and that a stay of proceedings to allow him to exhaust his Eighth Amendment *Miller* claim is not warranted because that claim is plainly meritless given his admitted age at the time of the offense. Accordingly, a COA should not issue. Our Recommendation follows.

---

argument that the law should be extended to persons between 18 and 24 years of age").

[5] Of course, the Court is permitted to *deny* a petition on the merits, "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). Given that Johnson's Eighth Amendment claim is clearly without merit, the disposition of his petition as a denial under § 2254(b)(2) would be warranted here as an alternative to dismissal for failure to exhaust.

**RECOMMENDATION**

**AND NOW** this  27th  day of February, 2014, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus be **DISMISSED**.  It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that reasonable jurists would debate the correctness of the procedural aspects of this ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The petitioner may file objections to this Report and Recommendation.  *See* Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:


  /s/ David R. Strawbridge         
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE